UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE No. 23-cv-23171-BLOOM

**CARLOS CARDONA**,

    Plaintiff,
v.

META PLATFORMS, INC.,

    Defendant.
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** is before the Court upon a review of *pro se* Plaintiff Carlos Cardona's Complaint, ECF No. [1], docketed on August 21, 2023. Because Plaintiff is a *pro se* litigant who has not paid the required filing fee, the screening provisions of 28 U.S.C. § 1915(e) apply. Under the statute, courts are permitted to dismiss a suit "any time [] the court determines that . . . (B) the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2).

Moreover, "a district court does, and indeed must, have the power to control and direct the cases on its docket." *Burden v. Yates*, 644 F.2d 503, 505 (5th Cir. 1981) (citations omitted). This includes the inherent power to dismiss a case. *See id.* And it includes the power to dismiss a case *sua sponte* when the plaintiff fails to comply with procedural rules. *See Hanna v. Florida*, 599 F. App'x 362, 363 (11th Cir. 2015) (citing Fed. R. Civ. P. 41(b); *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48–49 (1991)). Upon a review of the Complaint, the Court concludes it must be dismissed because it fails to state a claim on which relief may be granted.

Case No. 23-cv-23171-BLOOM

I. **BACKGROUND**

Plaintiff, a convicted state prisoner held at Florida State Prison, ECF No. [1] at 3, 6, filed the instant Complaint against Meta Platforms, Inc.—the Complaint's sole Defendant. Providing very little detail, Plaintiff claims that at "some[ point] between May 2007 and December 2022 . . . [Defendant] Meta . . . allowed their [users'] data to be accessible to third[]parties without their consent." *Id.* at 7. While Plaintiff does not allege that he was one of the users whose data was compromised, the Court construes the Complaint to allege as much for the purposes of this Order. For his purported injuries, Plaintiff seeks approximately $150,000.00 in damages as well as declaratory and injunctive relief. *See id.* at 11-12.

II. **LEGAL STANDARD**

To state a claim for relief, a pleading must contain: "(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought[.]" Fed. R. Civ. P. 8(a). "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." *Id.* 10(b). More importantly, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint must "give the defendant fair notice of what the claim is and the grounds upon which it rests[.]" *Twombly*, 550 U.S. at 555 (alteration adopted; other alteration added; citation and quotation marks omitted).

Courts must "construe *pro se* pleadings liberally, holding them to a less stringent standard than those drafted by attorneys." *Arrington v. Green*, 757 F. App'x 796, 797 (11th Cir. 2018) (citation omitted). Still, a *pro se* party must abide by Federal Rule of Civil Procedure 8(a)(2),

which requires that a pleading contain a "short and plain statement of the claim" showing the pleader is entitled to relief. *See Barmapov v. Amuial*, 986 F.3d 1321, 1324 (11th Cir. 2021).

### III.   DISCUSSION

Plaintiff cannot sue Defendant Meta, a private company, in a section 1983 complaint. An essential element of a § 1983 action is that the alleged constitutional deprivation was committed by a person acting under color of state law. *See, e.g.*, *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999); *Willis v. Univ. Health Servs., Inc.*, 993 F.2d 837, 840 (11th Cir. 1993). "Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co.*, 526 U.S. at 50 (footnote call number and quotation marks omitted). Consequently, "state action requires *both* an alleged constitutional deprivation 'caused by the exercise of some right or privilege created by the State or by a rule of conduct imposed by the State or by a person for whom the State is responsible,' and that 'the party charged with the deprivation must be a person who may fairly be said to be a state actor.'" *Id.* (emphasis in original; citation omitted) (quoting *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982)). Plaintiff does not allege that the Defendant's mishandling of his data is in any way attributable to the State; thus, the Court must dismiss the Complaint due to Plaintiff's failure to state a claim. *See Johnson v. Meta Platforms, Inc.*, No. 222CV10929TGBKGA, 2022 WL 1670096, at *2 (E.D. Mich. May 25, 2022) (dismissing a § 1983 complaint against Meta Platforms, Inc. because the plaintiff failed to allege facts that would "support the conclusion that Meta was acting under color of state law when it allegedly took the actions of which" the plaintiff complained).

Case No. 23-cv-23171-BLOOM

## IV.   CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. This Case is **DISMISSED WITHOUT PREJUDICE**.

2. Plaintiff's Motion to Proceed *in forma Pauperis*, **ECF No. [3]**, is **DENIED as moot**.

3. The Clerk shall **CLOSE** the case.

**DONE AND ORDERED** in Chambers at Miami, Florida, on August 22, 2023.

_____
**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

Copies to:

Carlos Cardona
L03890
Florida State Prison-West Unit
Inmate Mail/Parcels
PO Box 800
Raiford, Florida 32083
*PRO SE*